IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and ) <br> GOVERNMENT OF THE VIRGIN ) <br> ISLANDS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RANDY SIMON, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | CRIM. NO. 2006-0030 |

**MEMORANDUM OPINION**

Finch J.

THIS MATTER comes before the Court on Defendant Randy Simon's Motion for Acquittal Pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Simon was convicted on May 14, 2007 of Count 1, conspiracy to distribute cocaine base and cocaine hydrochloride (cocaine powder) in violation of 21 U.S.C. § 846 and four counts of use of a telephone in facilitating the commission of conspiracy to distribute controlled substances as set forth in Count 1, in violation of 21 U.S.C. § 843(b).

Simon contends that the evidence is insufficient to sustain the conviction in that no extrinsic evidence was introduced to prove his involvement in the conspiracy. Simon also argues that his recorded conversations do not relate to cocaine base or cocaine hydrochloride.

**I.    Standard of Review**

Review of the sufficiency of evidence supporting a conviction is "highly deferential." United States v. Hart, 273 F.3d 363, 371 (3d Cir. 2001) (citation omitted). The Court "must

determine whether the evidence submitted at trial, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict." Hart, 273 F.3d at 371 (quotation omitted). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Iafelice, 978 F.2d 92, 94 (3d Cir. 1992) (quotation omitted). "Only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt," may the Court overturn the jury's verdict. United States v. McNeill, 887 F.2d 448, 450 (3d Cir. 1990) (quotation omitted).

"To sustain the jury's verdict, the evidence does not need to be inconsistent with every conclusion save that of guilty." United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990) (quotation omitted). "There is no requirement . . . that the inference drawn by the jury be the only inference possible or that the government's evidence foreclose every possible innocent explanation." Iafelice, 978 F.2d at 97. All issues of credibility are within the province of the jury. Gonzalez, 918 F.2d at 1132.

The Court views the totality of the circumstances when examining the sufficiency of the evidence. United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984). "The prosecution may fulfill its burden of proving the elements of a crime through circumstantial evidence." Paez v. O'Lone 772 F.2d 1158, 1160 (3d Cir. 1985); see Jackson v. Virginia, 443 U.S. 307, 324-25 (1979) (finding that necessary intent was proven beyond a reasonable doubt through circumstantial evidence); see also Leon, 739 F.2d at 891 (finding that record had sufficient circumstantial evidence for jury to find defendant guilty of aiding and abetting substantive crimes charged). "It is not unusual that the government will not have direct evidence. Knowledge is often proven by

2

circumstances. A case can be built against the defendant grain-by-grain until the scale finally tips; and considering all the facts and drawing upon rational inferences therefrom, a reasonable jury could find beyond a reasonable doubt that the defendant committed the crime for which he is charged." Iafelice, 978 F.2d at 98. "Inferences from established facts are accepted methods of proof when no direct evidence is available so long as there exists a logical and convincing connection between the facts established and the conclusion inferred. The fact that evidence is circumstantial does not make it less probative than direct evidence." McNeill, 887 F.2d at 450 (citation omitted).

"The prosecution must prove every element of a crime charged beyond a reasonable doubt. . . ." Government of the Virgin Islands v. Smith, 949 F.2d 677, 682 (3d Cir. 1991). "[D]iminishing this burden violates a defendant's right to due process." Id. On a post-trial motion for acquittal based on the insufficiency of the evidence, the Court must determine whether there is substantial evidence, direct or circumstantial, with logical inferences drawn in the light most favorable to the government, from which a reasonably jury could have found beyond a reasonable doubt that the government proved all the elements of the offense. See United States v. Salmon, 944 F.2d 1106, 1113 (3d Cir. 1991).

## II. Analysis

A jury may consider a defendant's own statements in determining whether a conspiracy existed and whether the defendant was a participant in the conspiracy. See Fed. R. Evid. 801(d)(2)(A). The argument that Simon makes concerning extrinsic evidence to prove a conspiracy is pertinent only to the question of the admissibility of coconspirator statements. See

3

Fed. R. Evid. 801(d)(2)(E). The admissibility of coconspirator statements is not at issue here.

In a telephone conversation between Simon and Co-Defendant Zacheaus Blake on September 24, 2005, Simon and Blake agreed that Blake would send someone to get a "sandwich bag" from Simon. Ex. 5-137A. Luis Ortiz, a member of the High Intensity Drug Trafficking Area (HIDTA) Task Force testified that a sandwich bag is a slang term used to refer to a measurement of controlled substances. Transcript Except, Apr. 11, 2007, Docket No. 452, 23:21-25.

On October 8, 2005, Blake and Simon agreed that Simon would bring a half ounce to someone. Ex. 5-1274A. Blake described the half ounce to "Bee Bee" as a flat one without a lot of little pieces. Less than a half hour later, Blake and Simon had another conversation in which Blake confirmed with Simon that he had made the delivery and collected the $350 that Blake had told him to charge. Ex. 5-1292A. Finally, on October 26, 2005, Blake told Simon to bag one of the things for him because Blake had work for Simon to do and Simon agreed. Ex. 5-2965A.

Simon's own statements are sufficient to establish that Blake and he shared a unity of purpose, had an intent to achieve a common goal, that being the distribution of controlled substances, and an agreement to work together toward the goal. See United States v. Mastrangelo, 172 F.3d 288, 291 (3d Cir. 1999) (outlining the elements of a conspiracy). Simon's statements not only prove the existence of a conspiracy, but also detail his role as a member of the conspiracy. Because these conversations were made using a telephone, Simon's statements also demonstrate his use of a telephone on these four occasions to facilitate the conspiracy. See United States v. Johnstone, 856 F.2d 539, 542 (3d Cir. 1988) (setting forth the elements of 21 U.S.C. § 843(b)). Finally, during the course of the trial the jury had the opportunity to observe

4

crack cocaine and the flat shape in which it was prepared and could reasonably infer that at least one of the controlled substances which Simon conspired to distribute was crack cocaine.

## III. Conclusion

After reviewing the totality of the circumstances, and considering the evidence in the light most favorable to the Government, the Court finds that there is substantial evidence to support the jury's verdict as to Simon. Therefore, Simon's Motion for Judgment of Acquittal is **DENIED**.

ENTER:

DATE:       November 27, 2007

_____
Honorable Raymond L. Finch
District Judge

ATTEST
Wilfredo F. Morales

Deputy Clerk
cc:    Magistrate Judge, George W. Cannon, Jr.
       Alphonso Andrews, AUSA
       Michael J. Sanford, Esq.
       Maxwell D. McIntosh, Esq.
       H.A. Curt Otto, Esq.
       Martial A. Webster, Esq.
       David J. Dilts, Esq.
       Jeffrey B. C. Moorhead, Esq.
       Andrew Capdeville, Esq.